Good morning, my name is David Hopper Bush on behalf of the appellant. This matter has been thoroughly briefed and I will just address a few points that may need clarification. First, the ruling of the district court was narrow. It was a dismissal based upon the failure to plead causation, we believe due to a misunderstanding of what was pled in the complaint, albeit the complaint was over a hundred pages and was replete with redundancies and could have been prepared differently. We believe nevertheless causation was pled in the complaint. The district court understood the causation for the injury to be the filing of a state action by two of the defendants in this action. Rather the complaint sets forth that the causation was the appellant's involvement in the RICO schemes alleged in the complaint. That is to say he was the last step or stage of that scheme and he was an unknowing participant in that scheme and his business contracts, business reputation were harmed as a result of his being affected and involved in the illegal RICO scheme. That is the causation that he has pled in the complaint and we have cited abundantly to the complaint where that occurs. Secondly, another issue for clarification is that of the rule 12 motions filed by Dewu Nam, Min Cha Kim, DNAM Construction, also Hominy Bank and Hominy Financial Corporation. Those motions were not before the court and the court did not have jurisdiction to hear those as we have illustrated and argued in our brief. The problem here is this was an action that was originally commenced in the state court by a pro se attorney plaintiff, retired attorney plaintiff. One of the defendants removed that action to the district court. It was not initiated in the district court by the plaintiff. The plaintiff was a pro se litigant and under the rules, especially the local rules, if he wanted to file and receive papers via electronic service, he had to file a motion requesting that and it had to be granted by the district court, which the record is clear, never happened. Therefore he was not properly served with any of those motions and the court should not have ruled upon them. Finally, excuse me. He wasn't served by mail? No, Your Honor, it was not. Not with those motions. There's nothing in the record that supports that. The only proofs of service are by electronic service. Finally, as to the remaining oppositions filed by the remaining appellees in this case, most of their briefs address whether the complaint addressed the RICO scheme. That was not an issue raised on this appeal by the appellate. Appellees did not file their own counter designation, I'm sorry, counter statement of issues nor did they file cross appeals. We are prepared to address any questions the court might have. On those issues as to whether or not the RICO scheme was properly pled. However, we believe we have covered that adequately and thoroughly in our reply brief. If the court has no further questions, I will reserve my remaining time to rebut anything that might be raised by the appellees should I believe it is necessary to do so. Okay, thank you. Thank you. Morning, Your Honor. I am Mark Schaefer of Nemeth Second Call Council for the non-defendants and I have a question as to all appellees as to why the district court's order granting defendants rule 12 B six motions was correct and deserves to be affirmed. If the court has a question applicable to a particular appellee counsel for that appellee is present and prepared to answer that question. Before I start on the common grounds, I would like to address two issues that Kyle Beck raised for the first time in his reply brief. First in his reply, Kyle Beck makes a fleeting comment that the district court erred in granting the NAM defendants anti-slap special motion to strike. Kyle Beck's amended notice of appeal dropped any appeal of the anti-slap order and confined his appeal to the order granting defendants rule 12 B six motions. So Kyle Beck cannot attack the anti-slap order since he did not appeal it. Further, Kyle Beck did not raise any issue about the anti-slap order in his opening brief, which forfeits any challenge thereto. The law is settled that reasons of fairness militate against consideration of a point raised for the first time by Kyle Beck on reply. Second, as observed in the NAM defendants and Hanmi's brief, Kyle Beck forfeited any appellate challenge to the district court's order granting their motions because he did not oppose their motions. In his reply, Kyle Beck for the first time except attacks the electronic service of those motions on him. The law is well established that Kyle Beck forfeited any appellate challenge because he did not attack the service issue in his opening brief. Notwithstanding, Kyle Beck was listed as an E service recipient on the district court's ECF system and was served by the district court with those motions. The district court con for confirmation that Kyle Beck was on the court's ECF service list and that it served Kyle Beck with those motions is at the NAM defendants supplemental excerpts of record pages 34 and 35. Plus the NAM defendants communicated with Kyle Beck to determine the status of his opposition to their motions and served him with another copy by mail and US mail. Still, he did not oppose it even if the motions had not been served on Kyle Beck. The district court had the sui sponte power to dismiss all defendants since the ground in the other motions to dismiss apply equally to all defendants. So Kyle Beck service issue is without merit. The following points concern all appellees. Kyle Beck did not and cannot plead the required causation and damages elements of his attempted RICO causes of action. The only alleged result of the alleged money laundering and use and loan of money at a usurious interest rate was that money was available and given to Kyle Beck's venture. Kyle Beck benefited by appellees alleged wrongdoing and therefore he cannot plead causation and damages. Kyle Beck's alleged damages to his reputation and goodwill are not compensable under RICO under the heightened pleading requirements for Kyle Beck's fraud based RICO claims. He had to plead a concrete loss, which he did not do instead of some threadbare intangible or speculative future injury. Additionally, Kyle Beck's two RICO claims failed to plead required elements such as a pattern of racketeering activity. Instead, he only pleads one isolated money laundering unlawful debt incident. There is no enterprise among appellees who do not share a common purpose. There is no business of laundering money among appellees. Kyle Beck's alleged harm resulted from the underlying case against him, which would have arisen regardless of where or what interest rate the money came from. Just as the district court properly concluded, Kyle Beck was far too removed from the alleged racketeering acts to ever be able to plead a RICO claim. The only conceivable aggrieved parties from the alleged wrongful acts was NAM who had to pay the alleged usurious interest rate and the government for Jeon Kim's alleged tax evasion scheme. Neither in the district court nor on appeal did Kyle Beck state what facts he would allege in an amended pleading and how those facts would change the legal effect of his pleading. At best, he simply tries to rearticulate what he has already alleged. So Kyle Beck has forfeited any challenge to the district court's order regarding leave to amend and the district court therefore did not abuse its discretion. Finally, Kyle Beck's RICO theory is far too implausible for him to ever be able to plead a valid RICO claim against defendants as the district court aptly noted. Consequently, this court should affirm the district court's order. Okay. Thank you. Okay. Thank you. Cases are, you will stand.
judges: Kozinski, Watford, Whaley